JENKINS v. THE CHICAGO & N. W. R. R. Co.

New trial: APPEAL FROM ORDER ALLOWING. Where the court below has granted a motion for a new trial, on the ground that the verdict is not supported by the evidence, it will require a stronger showing to justify interference on appeal to the supreme court, than if the motion had been denied. And this rule applies where the new trial has been granted by the general term, on appeal from an order of the district court denying it, and thence appealed to the supreme court.

*Appeal from General Term (Eighth District), Benton County.*

WEDNESDAY, JULY 26.

ACTION at law to recover damages sustained by plaintiff, as is alleged in the petition, on account of the breach of a contract by defendant entered into between plaintiff and an agent of defendant, whereby defendant was bound to furnish cars on a certain day for the transportation of cattle of plaintiff to be, on that day, taken upon defendant's railroad, at a station thereon in Benton county, and to be carried to the city of Chicago. Upon a trial in the district court there was a verdict for plaintiff. A motion to set aside the verdict and for a new trial was reserved by the district court for decision at the general term. Upon the trial in the general term the motion was sustained. From this decision of the general term plaintiff appeals.

*C. H. Conklin* for the appellant.

*E. S. Bailey* and *N. M. Hubbard* for the appellee.

BECK, J. — The motion for a new trial is based upon the grounds that the verdict is contrary to law as given in the instructions to the jury and is not supported by the evidence. Another ground relating to the refusal of an instruction asked by defendant is also set out in the motion; but it is shown by the record that this objection was not presented to or acted upon by the general term, neither is it brought to our attention by the record The only question for our consideration involves the ruling of the general term, that the verdict is in conflict with the law and not supported by the evidence.

The point of contest in the case, as presented by plaintiff's counsel, relates to the authority of the agent with whom it is alleged the contract sued upon was made. Defendant's counsel, however, insist that the evidence fails to establish a contract at all. It is not claimed that the instructions given by the court failed to present correctly to the jury the law of the case. The question for our determination requires us to pass upon the sufficiency of the evidence, on these two points, to support the verdict of the jury. It is a familiar rule that this court will not disturb the ruling of the court below refusing a new trial, if it appear that there was a conflict of evidence only, and not such an absence of proof as to convince us that the verdict of the jury was the result of prejudice and passion, rather than calm and deliberate judgment and discretion, honestly and faithfully applied to the facts of the case. In such cases we refuse to order a new trial, though we may believe that the evidence would have authorized a different verdict, and, indeed, though we would have been better satisfied therewith. The reasons for this rule have been so often stated and are so well understood that they need not be here repeated. But this court has also often held, that in a case where the verdict is set aside by the court below, on the ground that it is not supported by the evidence, it will require a stronger showing to justify the interference of this court than when a new trial, asked for upon the same grounds, has been refused. *White* v. *Poorman*, 24 Iowa, 108; *Alger* v. *Merritt*, 16 id. 121; *Newell* v. *Sanford*, 10 id. 396; *Ruble* v. *McDonald*, 7 id. 90.

While we may conclude that in the case before us the record presents no evidence that the verdict was not the result of a proper exercise of the honest judgment of the jury; that it simply discloses a case of conflict of evidence, yet we are required to entertain presumptions in favor of the ruling of the court in which the case was tried. The same reasons that require us to support its ruling, when

a verdict is sustained, apply when by its judgment the verdict is set aside. The rule above stated, requiring a stronger case to be made out to justify the reversal of an order granting a new trial, comes in aid of the presumption to be exercised in favor of the correctness of the judgment assailed in this case. Under these rules we are required to support it.

It is insisted that these rules in support of the ruling of the court in which the case was tried do not apply to the judgment of the general term. We are of a different opinion. The judge before whom the cause was tried in the district court sat in the general term and concurred in the judgment therein rendered. His conscience and judgment were enlightened by his experience at the trial before the jury, and the fact that his associates concurred with him, though they based their concurrence upon the facts contained in the record alone, certainly can have no other effect than to strengthen our confidence in the correctness of the conclusion of the district judge.

Counsel for plaintiff argues at considerable length questions as to the character of the agent of defendant, with whom it is alleged the contract sued upon was made. He insists that the district court regarded him as a special agent, not clothed with power to make the *contract*, and that upon this ground the verdict was set aside. No question of law is presented upon this subject for our consideration, as it is not claimed by plaintiff or defendant that the jury was not properly instructed. On the contrary, it appears that the law as to the powers of special and general agents was correctly given to the jury, and they were informed that the character of the agent, and the extent to which he could bind defendant, were questions of fact for their determination. Now, if the court below concluded that the jury found against the evidence under these instructions, and on that ground set aside the verdict, the question is presented in no different light than we have above con-

sidered it. No question of law as to the character and authority of the agent is presented for our decision. Under the instructions, all questions before us upon these points are of fact. If the jury found that the agent was clothed with authority to make the contract, and the court considered such finding was so contrary to the evidence that it ought to be set aside, for the reasons above given we are required to affirm its judgment.

Affirmed.